IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| PRINCE MCCOY | § | |
| VS. | § | CIVIL ACTION NO. 1:20-cv-433 |
| J. SORRELLS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Prince McCoy, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brings this civil rights lawsuit against J. Sorrells, David Vidalier and Dynette Johnson. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Defendants have filed a Motion for Summary Judgment Limited to Failure to Exhaust Administrative Remedies. (Doc. #27.) Plaintiff has filed a response. (Doc. #30.) The Motion is therefore ripe for consideration.

Factual Allegations

In his Complaint (doc. #1., a Supplemental Complaint (doc. #2) and an Amended Complaint (doc. #11), Plaintiff alleges that on July 10, 2019, he told Defendant Vidalier, a correctional officer, that his blood sugar was low, he needed medical treatment and that he had a pass to go to the medical department. He states Defendant Vidalier refused to call someone to escort him to that department. Plaintiff then asked to speak to a sergeant. Defendant Vidalier refused this request.

Approximately 90 minutes later, Defendant Vidalier opened Plaintiff's food slot. Plaintiff then refused to allow the food slot to be closed. Defendant Sorrells, a lieutenant, came to the cell. Plaintiff told him the same things he earlier told Defendant Vidalier about his need for medical

treatment. Plaintiff states Defendant Sorrells refused to reason with him and denied his request for medical treatment.

When Plaintiff kept refusing to allow the food slot to be closed, Defendant Sorrells called for chemical agents, gas masks and medical personnel. Defendant Sorrells instructed Defendant Vidalier to operate the video camera. Defendant Sorrells told Plaintiff that if he did not allow the food slot to be closed, chemical agents would be used. Plaintiff states he immediately obeyed the order. Despite Plaintiff's obedience, Defendant Sorrells walked to the cell door and sprayed a chemical agent directly in Plaintiff's face. Defendant Sorrells then closed the food slot, threw a blank piece of paper into the cell and walked away with Defendant Vidalier. Plaintiff states both of these Defendants were laughing. Plaintiff alleges that after the chemical agent was used, Defendant Sorrells failed to take him to the medical department for an evaluation. Nor did he take Plaintiff into the fresh air or permit him to shower.

Plaintiff states he was subsequently examined by Defendant Johnson, a licensed vocational nurse. He alleges Defendant Johnson conspired with Defendants Vidalier and Sorrells to cover up the use of force. Plaintiff states Defendant Johnson falsely stated in the use of force report that Plaintiff denied having any injuries or respiratory difficulties.

## The Motion for Summary Judgment

In their Motion, Defendants note that Plaintiff claims he made attempts to exhaust his administrative remedies. However, he states he did not receive a response to some of his attempts and that other attempts were returned to him as being improperly filed. Defendants contend these attempts were insufficient to satisfy the statutory exhaustion requirement.

## Plaintiff's Response to the Motion

In his response to the Motion, Plaintiff described the attempts he made to exhaust his administrative remedies:

> 1. On July 12, 2019, Plaintiff states he filed a Step 1 grievance concerning the events which gave rise to this lawsuit. He states he did not receive a response and that the grievance was not returned to him.

2. Plaintiff states he filed a Step 2 grievance on October 14. He did not receive a response.

3. On January 3, 2020, Plaintiff filed another Step 1 grievance. He did not receive a response.

4. Plaintiff states that on March 2, he filed another grievance. This grievance was rejected because the time period for filing a grievance had expired.

5. On March 16, Plaintiff filed a Step 2 grievance directly with the Central Grievance Office. The grievance was rejected because inmates are not allowed to mail a grievance directly to the Central Grievance Office.

6. Plaintiff states he refiled a Step 2 grievance on April 12. The grievance was rejected because Plaintiff had not attached a corresponding Step 1 grievance.

7. Plaintiff alleges he refiled a Step 1 grievance on April 17. This grievance was rejected because the time period for filing a grievance had expired.

## Standard of Review

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Ellison v. Software Spectrum, Inc.*, 85 F.3d 187, 189 (5th Cir. 1996). A dispute about a material fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

On summary judgment, "[t]he moving party has the burden of proving there is no genuine [dispute] of material fact and that it is entitled to judgment as a matter of law." *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 246 (5th Cir. 2003); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party satisfies this burden, "the non-moving party must show that summary judgment is appropriate by setting forth specific facts showing the existence of a genuine issue concerning every component of its case." *Rivera*, 349 F.3d at 247. The nonmovant's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). A dispute about a material fact is genuine "if the evidence

is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

## Analysis

*Exhaustion of Administrative Remedies*

Title 42 U.S.C. § 1997e(a) requires prisoners to exhaust administrative remedies before filing a civil rights action. The statute provides, "No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Exhaustion of administrative remedies is mandatory and is intended to give correctional officials an opportunity to address complaints internally before a federal lawsuit is filed. *See Porter v. Nussle*, 534 U.S. 516, 525 (2001). The statutory exhaustion requirement applies to all inmate suits concerning prison life, whether they involve general circumstances or particular episodes. *Id*. at 532. In addition, prisoners are required to exhaust administrative remedies before filing a lawsuit regardless of the type of relief prayed for in the complaint. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The United States Court of Appeals for the Fifth Circuit has taken a strict approach to exhaustion. *Days v. Johnson*, 322 F.3d 863, 866 (5th Cir. 2003). "Nothing in the Prison Litigation Reform Act . . . prescribes appropriate grievance procedures or enables judges, by creative interpretation of the exhaustion doctrine, to prescribe or oversee prison grievance systems." *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing [a] complaint." *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

In addition, the Supreme Court has held "that to properly exhaust administrative remedies prisoners must complete the administrative review process in accordance with the applicable procedural rules–rules that are defined not by [statute], but by the prison grievance process itself.

Compliance with prison grievance procedures, therefore, is all that is required [by statute] to properly exhaust." *Jones v. Brock*, 549 U.S. 199, 218 (2007) (internal quotation marks and citations omitted). The exhaustion requirement requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.*, at 90-91. Accordingly, inmates must exhaust their administrative remedies in a procedurally correct manner. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010).

TDCJ-CID has a two-step grievance procedure which is available to inmates. *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998). The prisoner must pursue the grievance through both steps of the procedure for his claim to be considered exhausted. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).

*Application*

Plaintiff states he filed three Step 1 or Step 2 grievances which were neither processed nor returned to him. These actions are similar to those taken by the plaintiff in *Kidd v. Livingston*, 463 F. App'x 311 (5th Cir. 2012). In *Kidd*, the district court granted a motion for summary judgment based on failure to exhaust administrative remedies. The plaintiff argued in the district court that he timely filed a Step 2 grievance and produced a copy of an unprocessed Step 2 grievance form. The Fifth Circuit held that the plaintiff's "conclusory assertions" regarding exhaustion and his production of an unprocessed grievance form were insufficient to create a genuine dispute of fact as to exhaustion. 463 F. App'x at 313.

Plaintiff's assertion that he filed three grievances that were not processed or returned to him is similar to the evidence in *Kidd*. Plaintiff relies on no more than unsupported assertions that he filed these grievances. Such conclusory assertions, like the conclusory assertion in *Kidd,* are insufficient to create a genuine dispute of material fact as to whether Plaintiff exhausted his administrative remedies.

Plaintiff also asserts he filed four Step 1 or Step 2 grievances which were rejected because they were not filed in compliance with institutional rules. As stated above, inmates must exhaust their administrative remedies in a procedurally correct manner. These four grievances were rejected for not complying with prison rules and were therefore not filed in a procedurally correct manner. Accordingly, they do not create a genuine dispute of material fact as to whether Plaintiff exhausted his administrative remedies.

Plaintiff describes attempts he made to exhaust his administrative remedies. As a matter of law, these attempts were insufficient to satisfy the statutory exhaustion requirement. The Motion for Summary Judgment should therefore be granted.

## Recommendation

The Motion for Summary Judgment Limited to Failure to Exhaust Administrative Remedies filed by Defendants should be granted.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within ten days after being served with a copy of this report. 28 U.S.C. § 636(b)(1).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, 1429 (5th Cir. 1996) (*en banc*).

**SIGNED this the 28th day of July, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE