|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

PRINCE MCCOY, §
§
      Plaintiff, §
§
*versus* §   CIVIL ACTION NO. 1:20-CV-433
§
J. SORRELLS, *et al.*, §
§
      Defendants. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Prince McCoy, proceeding *pro se*, filed the above-styled civil rights lawsuit against J. Sorrells, David Vidalier and Dynette Johnson. The court previously referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and orders of this court.

The defendants filed a motion for summary judgment limited to failure to exhaust administrative remedies. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge recommending the motion be granted.

The court has received the Report and Recommendation, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in relation to the pleadings and the applicable law.

In their motion, the defendants asserted plaintiff failed to exhaust his administrative remedies before filing this case. Plaintiff stated he had made seven attempts to exhaust administrative remedies. However, he did not receive responses to three of the grievances and four of the grievances were rejected for failure to comply with institutional rules. The magistrate judge concluded that the four grievances rejected for failure to comply with institutional rules did not constitute adequate exhaustion because they were not filed in a procedurally correct manner. The magistrate judge further concluded that as plaintiff's statements that he had filed three

grievances that were not processed were unsupported, the statements did not created a genuine dispute of material fact as to whether plaintiff exhausted his administrative remedies.

In his objections, plaintiff contends he exhausted his administrative remedies because he gave the grievance system numerous fair opportunities to consider his grievances. He states the records concerning his grievances could not be found because the defendants attempted to cover up the matter and refused to properly consider his grievances. Plaintiff also contends he lacked an available administrative remedy because some of the grievances he filed were not processed.

The statutory "exhaustion requirement is no-nonsense." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020). As the magistrate judge stated, inmates are required to exhaust their grievances in accordance with the rules established by the prison grievance process. *Blank v. Collin County*, 710 F. App'x 203, 204 (5th Cir. 2018) (citing *Jones v. Brock*, 549 U.S. 199, 218 (2007)). Moreover, the United States Court of Appeals for the Fifth Circuit takes a strict approach to the issue of exhaustion. *Brown v. Wilson*, 822 F. App'x 299, 300 (5th Cir. 2020) (citing *Butts v. Martin*, 877 F.3d 571, 582 (5th Cir. 2017)). However, 42 U.S.C. § 1997e(a) only requires inmates to exhaust administrative remedies that are available.

Two of plaintiff's grievances were rejected as untimely, one was rejected because he did not attach a corresponding Step 1 grievance and one was rejected because it was mailed to the wrong office. As these grievances were not filed in accordance with applicable prison regulations, they did not constitute adequate exhaustion.

Petitioner states he gave the grievance system numerous fair opportunities to consider his grievances, contending that the four grievances rejected for failure to comply with institutional rules should nevertheless have been considered. However, substantial compliance with administrative remedy procedures does not satisfy the exhaustion requirement. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). These four grievances did not comply with institutional rules and are insufficient to demonstrate proper exhaustion.

Plaintiff states three of the grievances he filed were not processed. This statement is similar to that made by the plaintiff in *Kidd v. Livingston*, 463 F. App'x 311 (5th Cir. 2012), a case cited by the magistrate judge. In that case, the Fifth Circuit concluded such a conclusory statement was insufficient to create a genuine dispute of material fact regarding exhaustion. The court agrees with the reasoning in *Kidd*. Plaintiff's unsupported assertions regarding the filing of grievances are insufficient to created a genuine dispute of material fact as to whether he exhausted his administrative remedies.

Finally, plaintiff states he lacked an available administrative remedy because some of his grievances were not processed because the defendants were attempting to cover up their actions. As stated above, prisoners need only exhaust those administrative remedies that are available. However, plaintiff has failed to create a genuine dispute of material fact as to whether he had an available administrative remedy. As explained above, his unsupported assertions that he filed grievances that were not processed do not create a genuine dispute. Further, plaintiff makes no attempt to support his allegations that the defendants acted improperly to prevent the processing of his grievances. He does not state he has personal knowledge of this or that anyone has told him the defendants acted improperly. As a result, there is no genuine dispute of material fact as to whether administrative remedies were available to plaintiff.

## ORDER

Accordingly, the objections filed by plaintiff (#33) are **OVERRULED**. The findings of fact and conclusions of law set forth in the report of the magistrate judge (#31) are correct, and the report of the magistrate judge is **ADOPTED**. The motion for summary judgment limited to failure to exhaust administrative remedies (#27) is **GRANTED**. A final judgment shall be entered.

SIGNED at Beaumont, Texas, this 4th day of September, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE